**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3397
_____

QUITMAN ROBINSON

v.

NEW JERSEY TRANSIT RAIL OPERATIONS, INC.;
JANE DOE 1-100

New Jersey Transit Rail Operations, Inc.,
Appellant
_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ. Action No. 2-14-cv-02679)
District Judge: Honorable Stanley R. Chesler
_____

Submitted Under Third Circuit LAR 34.1(a)
September 25, 2018
_____

Before: McKEE, RESTREPO, and FUENTES, *Circuit Judges*.

(Filed: January 29, 2019)
_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to 3d Cir. I.O.P. 5.7 does not constitute binding precedent.

RESTREPO, *Circuit Judge*.

Quitman Robinson worked as a maintainer in Morristown, New Jersey, for the New Jersey Transit Rail Operations, Inc. ("NJ Transit"). On November 7, 2011, he was severely injured while on the job. **App. 14–15.** Robinson sued NJ Transit under the Federal Employee Liability Act, 45 U.S.C. § 51, *et seq.*, alleging that its negligence proximately caused his injuries. *Id.* After trial, a jury found for Robinson, and he was awarded damages totaling $824,152.95. **App. 13.**

NJ Transit then filed a timely motion to vacate the judgment, arguing that it is entitled to sovereign immunity as an arm of the State of New Jersey and is thus immune from suit. **App. 49.** Applying the law existing at that time, the lower court denied NJ Transit's motion, and NJ Transit appealed. **App. 3.** Subsequently, however, this Court held in *Karns v. Shanahan*, 879 F.3d 504 (3d Cir. 2018), that NJ Transit is indeed an arm of the state of New Jersey entitled to sovereign immunity. In light of our holding in *Karns*, we will vacate the District Court's judgment and remand with instructions to dismiss the case.

## I.[1]

The Eleventh Amendment, through the power of sovereign immunity, bars private suits brought against "arms" of a state. *See* U.S. Const. amend. XI; *Hans v. Louisiana*, 134 U.S. 1 (1890) (holding that the Eleventh Amendment bars all private suits against

---

[1] The District Court had jurisdiction under 28 U.S.C. § 1331. We have jurisdiction under 28 U.S.C. § 1291. We review *de novo* whether an entity is entitled to sovereign immunity. *Karns*, 879 F.3d at 512.

2

non-consenting states in federal court); *Bowers v. Nat'l Collegiate Athletic Ass'n*, 475 F.3d 524, 545 (3d Cir. 2007) (explaining that Eleventh Amendment immunity extends to state entities that are sufficiently intertwined with the state to be "arms of the state"). An entity is an arm of the state when "the state is the real, substantial party in interest." *Ford Motor Co. v. Dep't of Treasury of Ind.*, 323 U.S. 459, 464 (1945).

The Court applies a holistic, three-factor test to determine whether an entity is an arm of the state. *See Fitchik v. N.J. Transit Rail Operations, Inc.,* 873 F.2d 655, 659 (3d Cir. 1989) (en banc) (establishing the three-factor test); *see also Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 239 (3d Cir. 2005) (restructuring this Court's analytical approach to regard the three factors as "co-equal"). We consider "(1) whether the payment of the judgment would come from the state; (2) what status the entity has under state law; and (3) what degree of autonomy the entity has." *Karns*, 879 F.3d at 513 (citing *Bowers*, 475 F.3d at 546).

## II.

Following a thorough analysis of the three factors, we decided in *Karns* that NJ Transit is an arm of the state and is "entitled to claim the protections of Eleventh Amendment immunity, which in turn functions as an absolute bar to any claims . . . against NJ Transit and the officers in their official capacities." *Id.* at 515–19. Although NJ Transit did not assert sovereign immunity in this case until after trial, "the Eleventh Amendment defense [of sovereign immunity] sufficiently partakes of the nature of a jurisdictional bar so that it need not be raised in the trial court." *Edelman v. Jordan*, 415

3

U.S. 651, 678 (1974); *see also Lapides v. Bd. of Regents of Univ. Sys. of Ga.*, 535 U.S. 613 (2002) (asserting sovereign immunity for the first time before the Supreme Court).

### III.

While we are sympathetic to Mr. Robinson's unfortunate situation, we are also bound by precedent that prohibits him from filing suit against NJ Transit to recover damages for his injuries. Accordingly, we will vacate the lower court's judgement and remand with instructions to dismiss the case.